[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in New Canaan, Connecticut on December 3, 1983. The plaintiff has been a Connecticut resident for the last twenty years. There are no children of this union. The evidence indicated that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff, age 51, has a college degree in English and Journalism and an M.A. degree in counseling. During most of the past ten years she has stayed home to raise two children of a former marriage, but during certain periods she held part-time jobs, including working as a substitute teacher. Since 1990, she has been working as a self-employed insurance saleswoman. She is currently affiliated with Northwestern Mutual Life Insurance CT Page 3887 Company. She complains of intermittent health problems including lower back pain and a bonespur in her foot, but it does not appear that she is disabled because of these conditions.
The defendant, age 53, is a college graduate who is currently working as a carpenter/salesman at the Woodworker's Store, South Norwalk, Connecticut. He also was previously married and had two children with his former spouse. The defendant claims to have no health problems.
The defendant is the beneficiary of the income of two trusts, one of which was in existence at the time of this marriage. In addition, the defendant's father passed away in 1988, and the defendant received over $220,000.00 in liquid assets from his father's estate, which the defendant spent for joint living expenses.
The evidence indicates that this marriage has been filled with problems for several years. There have been financial difficulties, clashes over the raising of the plaintiff's children, the defendant's personality and the plaintiff's attitudes. In addition, alcohol consumption has caused major difficulties for the parties. Each must assume some responsibility for the breakdown of the marital relationship.
The court has carefully considered the criteria set forth in Connecticut General Statutes, 46b-62, 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. The parties currently own the marital residence with the plaintiff holding a two-thirds interest and the defendant a one-third interest. The residence is located at 77 Crooked Trail, Rowayton, Connecticut. They shall continue to share ownership in the same manner, and when the home is sold, after the payment of the mortgage and usual closing costs, they shall share the net proceeds with two-thirds to the plaintiff and one-third to the defendant. Each shall be responsible for her/his share of any capital gains tax liability in the proportion of her/his ownership.
Until the residence is sold, the plaintiff shall have exclusive possession thereof. The plaintiff shall be solely responsible for the payment of the mortgage, real estate taxes and insurance during the time of her occupancy. CT Page 3888
The residence shall be sold at the plaintiff's election, at the time of her remarriage or cohabitation with an unrelated male or April 1, 1998, whichever event first occurs. The court reserves jurisdiction over any issues arising in reference to the sale of the residence, including listing price, selling price and selection of a broker.
2. The defendant shall pay to the plaintiff as periodic alimony the sum of one thousand ($1,000.00) dollars per month. The payments shall commence on May 1, 1994 and continue until the death of either party, the plaintiff's remarriage or through April 1, 1999 (a five year term), whichever event first occurs.
The defendant shall pay the pendente lite order for the month of April 1994.
An immediate wage withholding order may enter, and the defendant's employer shall pay over the sums withheld directly to the plaintiff.
For as long as the defendant is obligated to pay periodic alimony, he shall name the plaintiff as beneficiary of life insurance on the plaintiff's life in an amount not less than seventy-five thousand ($75,000.00) dollars.
3. The parties shall divide the furniture and furnishings in the marital residence by agreement. If they need assistance, they shall use the services of the Family Relations Office. The court reserves jurisdiction in reference to this issue, and upon request will hold an evidentiary hearing for the purpose of issuing orders.
4. The plaintiff shall retain her bank accounts, 401K plan and jewelry as scheduled on her financial affidavit dated April 5, 1994.
5. The plaintiff shall be solely responsible for the payment of the liabilities scheduled on her financial affidavit.
6. The defendant shall retain his interest in the New Canaan mortgage, the Nantucket real estate, all trust assets and income, his motor vehicles, bank accounts and IRA as listed on his financial affidavit dated April 6, 1994.
7. The defendant shall be solely responsible for the payment CT Page 3889 of the liabilities scheduled on his financial affidavit.
8. The defendant shall be solely responsible for payment of any and all regular income tax and capital gains tax associated with the parties' joint CMA account (#861-53363), and he shall indemnify and hold harmless the plaintiff from any liability therefor.
9. Each party shall be responsible for the payment of her and his own counsel fees.
10. The plaintiff's maiden name of Sheila Reardon is ordered restored.
Judgment may enter accordingly.
NOVACK, J.